137 A.3d 500

IN THE MATTER OF EFTHEMOIS D. VELAHOS, AN ATTORNEY
AT LAW (ATTORNEY NO. 038341989).

May 26, 2016.

## ORDER

This matter have been duly presented pursuant to *Rule* 1:20–10(b), following a granting of a motion for discipline by consent (DRB 15–409) of **EFTHEMOIS D. VELAHOS** of **WOODBURY,** who was admitted to the bar of this State in 1991, and who has been temporarily suspended from the practice of law since March 23, 2016;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent's unethical conduct included multiple violations of *RPC* 1.15(a) (commingling), *RPC* 1.15(d) (recordkeeping violations) (*Rule* 1:21–6), *RPC* 1.16(a)(1) (failure to withdraw when the representation will result in violation of the *RPCs* ), *RPC* 5.3(a), (b) and(c)(1)(2)(3) (failure to supervise non-lawyer employees), *RPC* 5.5(a)(1) and *Rule* 1:21–1B(a)(4) (practicing law while ineligible and failure to maintain required professional liability insurance when practicing as a limited liability company and practicing law in a jurisdiction where doing so violates the regulation of the legal profession), *RPC* 7.1(a)(1) (material representation about the lawyer's services), *RPC* 7.3(b)(5)(i–iv) (impermissible client solicitation), *RPC* 7.4(a) (misrepresenting that the lawyer has been recognized as certified or as a specialist in a particular field of law), *RPC* 7.5(e) and *Rule* 1:21–B(c) (impermissible law firm name), *RPC* 8.1(b) (misrepresentation to disciplinary officials), *RPC* 8.4(a) (knowingly violate or attempt to violate the *RPCs* ), *RPC* 8.4(b) (commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as lawyer), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (engaging in conduct that is prejudicial to the administration of justice), and

And the parties having agreed that respondent's conduct violated *RPC* 1.15(a), *RPC* 1.15(d), *Rule* 1:21–6, *RPC* 1.16(a)(1), *RPC* 5.3(a)(b)(c)(1)(2)(3), *RPC* 5.5(a)(1), *Rule* 1:21–1B(a)(4), *RPC* 7.1(a)(1)(2), *RPC* 7.3(b)(5)(i–iv), *RPC* 7.4(a), *RPC* 7.5(e), *Rule* 1:21–1B(c), *RPC* 8.1(b), *RPC* 8.4(a)(b)(c)(d), and that said conduct warrants a three-to-six-month suspension;

And the Disciplinary Review Board having found that respondent violated *RPC* 1.15(a), *RPC* 1.15(d), *Rule* 1:21–6, *RPC* 1.16(a)(1), *RPC* 5.3(a)(b)(c)(1)(2)(3), *RPC* 5.5(a)(1), *Rule* 1:21–1B(a)(4), *RPC* 7.1(a)(1) and (2), *RPC* 7.3(b)(5)(i–iv), *RPC* 7.4(a), *RPC* 7.5(e), *Rule* 1:21–1B(c), *RPC* 8.1(a), *RPC* 8.4(a)(b)(c)(d);

And the Disciplinary Review Board having determined that a six-month suspension is the appropriate discipline for respondent's unethical conduct and having granted the motion for discipline by consent in District Docket Nos. XIV–2012–0682E, XIV–2014–0023E, XIV–2014–0239E, XIV–2014–0208E;

And the Disciplinary Review Board having further determined that prior to reinstatement to practice, respondent should provide proof of his fitness to practice law;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **EFTHEMOIS D. VELAHOS** of **WOODBURY** is hereby suspended from the practice of law for a period of six months, effective immediately, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice respondent shall submit to the Office of Attorney Ethics proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.